# Brieck Brothers Company v. Baziotes, Appellant.

*Practice, C. P.—Assumpsit—Affidavits of defense—Insufficient averments—Building contracts.*

In an action of assumpsit to recover for extra work and materials furnished by a contractor, it appeared from the statement of claim that for extra work and materials furnished, defendant was to pay plaintiff the cost, plus ten per cent. in addition thereto. As to certain items for which claim was made, the affidavit of defense

alleged that the cost of the work and materials specified therein was unreasonably high, and in excess of the market price; that plaintiff had neglected to take proper precautions so that certain plaster furnished and laid would be substantial; that an excavation for a cellar lacked the required depth; that certain plumbing for which plaintiff claimed was embraced in the original contract and was not extra work, and that certain subcontractors, who had furnished work and materials to plaintiff, for the building, had made demand upon defendant for payment therefor. The averments as to the cost of the labor and materials were not responsive to plaintiff's claim; there was no allegation that the plaster had been laid in an unworkmanlike manner, nor did it appear how nearly the depth of the cellar approached the required depth, what items of plumbing were included in the original contract, or that plaintiff was under any legal obligation to pay the subcontractors. On a rule for judgment for want of a sufficient affidavit of defense for so much of plaintiff's claim as was included in the above items, the court entered judgment for plaintiff. *Held,* no error.

Argued Oct. 24, 1913. Appeal, No. 118, Oct. T., 1913, by defendants, from judgment of C. P. Allegheny Co., Oct. T., 1912, Docket B, No. 3194, for plaintiff, for insufficiency of affidavit of defense in case of Brieck Brothers Company v. John Baziotes and Peter Antonoplos. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover balance alleged to be due on building contract. Rule for judgment for want of a sufficient affidavit of defense. FORD, J., filed the following opinion:

This is a rule for judgment for a part of the plaintiff's claim for want of sufficient affidavit of defense.

By agreement dated October, 1911, plaintiff agreed to erect a theatre building on a lot owned by the defendants, in consideration whereof defendants agreed to pay the sum of $13,700. Thereafter the plaintiff and the defendants entered into parol agreements whereby plaintiff agreed to do certain extra work and furnish certain extra materials in and about the erection of the build-

ing. The action is for the balance alleged to be due on the original and parol agreements.

In their original and supplementary affidavits of defense, the defendants claim a number of credits.

The plaintiff alleges that certain of the credits are not sufficiently pleaded. We will consider the items in the order specified in the rule:

1. The plaintiff avers that plaintiff and defendants entered into a further verbal agreement whereby defendants agreed to pay plaintiff for any extra work done, the cost of the material and labor of such extra work and in addition a commission of ten per centum on said cost. In the affidavits of defense there is no denial of this contract or of its terms, nor is there any denial that the work done and materials furnished in pursuance with the agreement did not cost the plaintiff the amount charged in the statement. The defendants' averment, that the plaintiff's statement for actual cost was in many respects unreasonable, excessive and exceeded the market value of labor and materials in vogue at the time of the performance of the work, is not responsive to plaintiff's claim.

2. The defendants allege that plaintiff neglected to have the building properly closed and heated, so that the plaster would adhere and be solid and substantial, but there is no averment that the material used was of an inferior quality, nor that the work was done in an unworkmanlike manner, nor in what respects the plaintiff was negligent in not enclosing and heating the building.

3. Defendants claim that the excavation work in the cellar lacks sixteen inches in depth. The specifications provide that the cellar under the rear of the building shall be excavated as shown, and where the cellar is not excavated the excavation for columns and walls shall be of sufficient depth to properly lay the footings. The affidavit of defense does not set forth to what extent the excavation lacks in depth, whether under the whole or a part of the building.

4. The defendants claim that the plumbing as per Chisholm's statement, being Exhibit D annexed to plaintiff's statement, contains items that are a part of and are included in the original contract, but fail to specify or point out the items claimed to have been required by the original contract. The charge for the extra plumbing work is specifically set out in plaintiff's statement, and there is no reason assigned by the defendants why they cannot now determine what are the items included in the original contract. The averment is vague and indefinite.

5. The defendants further allege that a number of subcontractors have made demands upon them by orders from the plaintiff for material furnished in the erection and construction of the building and claim credit for $3,352.26, the total of the orders, but there is no averment that the subcontractors filed liens or gave notice of an intention to file liens, nor is it averred that defendants accepted or agreed to pay the orders, or that they are under any legal obligation to make payment.

We are, therefore, of opinion, that the plaintiff is entitled to judgment for the items as to which the affidavit is insufficient.

The rule for judgment was subsequently made absolute and judgment was entered in favor of the plaintiff for $5,737.05. Defendant appealed.

*Error assigned,* inter alia, was in adjudging the affidavit of defense insufficient as to that portion set forth in the opinion.

*John S. Ferguson,* for appellant.

*J. P. Fife,* of *Douglass & Fife,* for appellee.

PER CURIAM, November 7, 1913:

The judgment appealed from is for but a part of appellee's claim, and was entered for the insufficiency of

the affidavit of defense as to certain items. This insufficiency is pointed out in the opinion directing the judgment to be entered, and on that opinion it is affirmed.